## BENOIST et al. *v.* REYBURN.

To entitle a party to a continuance to obtain the return to a commission, where the commission was not applied for within the time prescribed by a rule of court, the party must show due diligence, and circumstances justifying an exception to the rule in his favor.

Where the holder of a bill of exchange, drawn on merchandize, at ten days sight, and accompanied by a bill of lading, does not present it for acceptance according to its tenor, although the drawers were willing to accept upon delivery of the bill of lading, but demands immediate payment, and, on their refusal, transfers the merchandize represented by the bill to another house, the drawer will be discharged.

The plaintiffs in an action on a bill of exchange will not be allowed to establish a special agreement with the drawer, inconsistent with the allegations of their own petition.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. C. M. *Randall*, for the appellants, cited Code Pract. arts. 464, 468. *Mc Carty* y. *McCarty*, 19 La. 296. *Bell* v. *Williams*, 13 La. 447.

*A. Walker*, for the defendant.

The judgment of the court was pronounced by

SLIDELL, J. When this cause was called for trial in the court below, the plaintiffs applied for a continuance, on the ground that they had not yet obtained the return of a commission taken out by them. The defendant objected to any delay upon the ground that, the commission had not been applied for within ten days after issue joined, as required by a rule of the court. The affidavit declares that the application for the commission was made by the plaintiffs' attorney, as soon he became aware that an answer had been filed; but exhibits no showing that, by any circumstances beyond his control, he had been prevented from sooner inspecting the record, and ascertaining that the answer had been filed. A party invoking the discretionary power of the court to grant a continuance, and set aside, for his benefit, a general rule, must exhibit a case of due diligence, and circumstances equitably justifying an exception. The affidavit, moreover, states the absence of the client, and ignorance by the attorney of the names of the witnesses by whose testimony the special defence set up by the defendant could be resisted. Upon an application to the court within ten days, supported by proper affidavit, the court, even under the rule in question. might, in its discretion, have accorded a delay suitable to the circumstances of the case, We think the application for a continuance was properly refused.

18

BENOIST
v.
REYBURN.

The testimony adduced by the defendant establishes that, the bill of exchange sued upon was accompanied, by a bill of lading; that the holder did not present the bill for acceptance, at ten days after sight, according to its tenor, but demanded immediate payment; and, upon refusal, although the drawees were willing to accept upon delivery of the bill of lading, at once transferred the merchandize represented by the bill of lading, and upon which the draft was drawn, to another house. Judgment was therefore properly rendered in favor of the defendant, the drawer of the bill. See *Lanfear* v. *Blossman*, 1 Annual Reports, 148.

The application for a new trial was properly refused, for the same reason which justified the refusal of a continuance, to wit, a want of due diligence; and the further reason, that the facts exhibited by the plaintiffs' affidavit would tend to establish a special agreement by the drawer of a bill inconsistent with the plaintiffs' petition; and, therefore, if the testimony had been obtained in due season, it would have been inadmissible.

*Judgment affirmed.*